**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN ALBERT BROOKS,

    Defendant - Appellant.

No. 17-6095
(D.C. No. 5:96-CR-00077-M-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

John Brooks filed a notice of appeal challenging the imposition of a thirty-month term of incarceration for violating the terms of his supervised release. His appointed counsel moved to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no non-frivolous grounds for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant counsel's motion to withdraw and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 1996, Mr. Brooks was convicted of possessing phencyclidine (PCP) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 144 months' imprisonment to be followed by five-years of supervised release. His supervised release began immediately following his 2006 release from the Bureau of Prisons' custody.

While on supervised release, he was charged in Oklahoma County District Court with Indecent or Lewd Acts with a Child Under 14. He pleaded guilty and was sentenced to twenty-five years' imprisonment, fifteen of which were suspended. Based on this conviction, the government filed a petition to revoke Mr. Brooks's supervised release following the completion of his state incarceration. The Probation Office prepared a Violation Report for the revocation hearing which calculated Mr. Brooks's Guideline sentencing range as twenty-four to thirty months. At the hearing, Mr. Brooks admitted to violating the terms of his supervised release and the court sentenced him to thirty-months' imprisonment to be followed by a supervised release period of ten years. Mr. Brooks timely appealed and his counsel moved to withdraw pursuant to *Anders*, asserting there are no meritorious claims to raise on appeal.

## II. DISCUSSION

In *Anders*, the Supreme Court permitted defense "counsel to request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). Counsel's request must be accompanied by a brief analyzing anything in the record that could potentially support

2

a claim on appeal. *Anders*, 386 U.S. at 744. And the brief must be provided to the defendant, who then has the opportunity to submit any additional arguments to the court. *Id.* Counsel has complied with this procedure and neither Mr. Brooks nor the government has filed a response. Based on our independent review, we agree there are no meritorious claims available to Mr. Brooks on appeal.

Because Mr. Brooks stipulated that his conviction for Indecent or Lewd Acts with a Child Under 14 violated the terms of his supervised release, he cannot challenge the revocation of his supervised release. *See United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994). "Having pleaded guilty, [Mr. Brooks's] only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea." *Id.* Nothing in the record indicates Mr. Brooks's stipulation that he violated the terms of his supervised release—nor his guilty plea in the underlying criminal charge—was involuntary. There are no appealable issues related to Mr. Brooks's conviction.

Similarly, a review of Mr. Brooks's revocation hearing transcript confirms there are no meritorious grounds on which to challenge his sentence. There is no evidence to support an argument that the district court's sentence was procedurally or substantively unreasonable. The court properly considered the sentencing factors in 18 U.S.C. § 3353(a) and sentenced Mr. Brooks to a term of incarceration that is within the properly-calculated Guidelines sentencing range. Furthermore, because Mr. Brooks's sentence was within his recommended Guidelines range, it is presumptively reasonable and nothing in the record rebuts this presumption. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

## III. CONCLUSION

We GRANT counsel's request to withdraw and we DISMISS the appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4